UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KRISTINIA C. RAGNONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 2:05-CV-229-PPS |
| ) | |
| HARDEE'S FOOD SYSTEMS, INC. ) | |
| d/b/a HARDEE'S GARY SOUTH, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B)

This matter is before the Court on the Motion to Dismiss for Lack of Prosecution [DE 17], filed by the Defendants on April 11, 2006.

BACKGROUND

On June 8, 2005, Plaintiff Kristinia Ragnone filed her Complaint against Hardee's in the United States District Court for the Northern District of Indiana, Hammond Division. Hardee's filed its Answer and Defenses to Plaintiff's Complaint on August 3, 2005.

On August 3, 2005, Hardee's sent Plaintiff its First Set of Request for Production of Documents ("Defendant's Request for Production") and First Set of Interrogatories ("Defendant's Interrogatories"), which responses were due on September 3, 2005. On September 14, 2005, Hardee's sent a letter to Plaintiff's counsel, which stated that it had not received Plaintiff's Initial Disclosures, due on August 18, 2005, or Plaintiff's discovery responses, due September 3, 2005.

On or about September 23, 2005, Hardee's received Plaintiff's Initial Disclosures and Plaintiff's Response to Defendant's Interrogatories. Plaintiff's September 23, 2005 letter provided that Plaintiff would send her Response to Defendant's Request for Production early the next week. On October 5, 2005, counsel for Hardee's sent Plaintiff's counsel a letter stating that Hardee's had not yet received Plaintiff's Response to Defendant's Request for Production. On October 12, 2005, counsel for Hardee's sent Plaintiff's counsel a letter asking that Plaintiff supplement the information contained in Plaintiff's Initial Disclosures and Plaintiff's Response to Defendant's Interrogatories. The October 12, 2005 letter also stated that Hardee's was looking forward to receiving Plaintiff's Response to Defendant's Request for Production.

On December 28, 2005, counsel for Hardee's sent Plaintiff's counsel a letter indicting that Hardee's had not received Plaintiff's Response to Defendant's Request for Production, which was due on September 3, 2005. This letter also indicated that Hardee's had not received any supplementation to Plaintiff's Initial Disclosures or Plaintiff's Response to Defendant's Interrogatories, which supplementation was requested on October 12, 2005. Hardee's letter asked Plaintiff's counsel to advise when Hardee's could expect to receive Plaintiff's document production, as well as the supplemented Initial Disclosures and Interrogatory answers. Hardee's also indicated that if it did not receive a response, Hardee's would be forced to seek assistance from the Court.

On January 3, 2006, Plaintiff's counsel sent a facsimile to counsel for Hardee's, attaching a letter that he had written to his client indicating his notice of intent to withdraw. On February 3, 2006, counsel for Hardee's sent a letter to Plaintiff's counsel, indicating that Hardee's received his January 3, 2006 correspondence and requested that counsel for Plaintiff inform Hardee's as to

2

whether Plaintiff's counsel had heard from his client or whether Hardee's could expect a Motion to Withdraw as Counsel.

On February 22, 2006, counsel for Plaintiff, Richard Busse, filed a Motion to Withdraw, which Motion indicated that he was withdrawing due to irreconcilable differences with his client because Plaintiff had not contacted his office since September 2005 regarding the prosecution of her case. On February 27, 2006, this Court granted Mr. Busse's Motion to Withdraw and also set the matter for an in-person status conference to be held on March 30, 2006. The Court ordered that Plaintiff appear in person. A status conference was held on March 30, 2006, but Plaintiff failed to appear without explanation.

The Court then set the matter for a show cause hearing on May 11, 2006 in order for the Plaintiff to answer why she did not appear for the March 30, 2006 status conference. The Court advised Plaintiff that a failure to appear at the May 11, 2006 hearing may warrant sanctions by the Court, including dismissal of her action for failure to prosecute. Court staff contacted Ms. Ragnone following the March 30, 2006 status conference to apprise her of the May 11, 2006 status conference.

On April 11, 2006, Defendant filed the instant Motion to Dismiss.

On May 11, 2006, the Court held the show cause hearing, but Plaintiff failed to appear without explanation. Attempts on that date by the Court staff to reach Plaintiff by telephone were unsuccessful, and the Court left a message for Plaintiff to contact the Court. Plaintiff has not made contact with the Court.

**DISCUSSION**

Defendants move the Court to dismiss Ragnone's complaint pursuant to Federal Rules of Civil Procedure 41. Under Rule 41(b), a court may dismiss a claim "[f]or failure of the plaintiff to prosecute or to comply . . . with any order of court. . . ." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute is "an extremely harsh sanction" that should be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Roland*, 811 F.2d at 1177. In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *See Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir.1998); *see also Ball v. City of Chicago*, 2 F.3d 752, 759-60 (7th Cir. 1993) (indicating that "[t]here should be an explicit warning in every case"). In considering such a dismissal, a district court should consider numerous factors, including the frequency and magnitude of the plaintiff's conduct, the prejudice to the defendant, the disruption to the orderly administration of the court's calendar, and the merits of the underlying litigation. *See Williams*, 155 F.3d at 857; *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *Ball*, 2 F.3d at 759-60. Given the dilatory conduct of Plaintiff, this case presents one of those "extreme situations." *Kruger*, 214 F.3d at 787 (citing *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994)). Plaintiff's counsel withdrew in February 2006, after representing to the Court that Plaintiff had not been in contact with him since September 2005, despite his efforts to contact her. The Court subsequently held a status conference, ordering Plaintiff to be present, and Plaintiff did not appear. The Court then issued a show cause order, setting a show cause hearing and warning Plaintiff that a failure to appear may warrant sanctions, including dismissal of her case. In addition to the Order sent to Plaintiff by mail, Plaintiff was made aware of the hearing by telephone message.

4

Defendant, on the other hand, has done its part to move this litigation along, as evidenced by its attempts to secure discovery responses and the instant motion to dismiss.

The Court also finds that proper warning has been given to Plaintiff.  In *Ball*, the Seventh Circuit indicated that district courts should provide "due warning" to plaintiffs before dismissing a case for want of prosecution.  *See Ball*, 2 F.3d at 755.  In elucidating the terms "due warning," the Seventh Circuit stated: "'Due warning' need not be repeated warnings and need not be formalized in a rule to show cause . . . .  But there should be an explicit warning in every case."  *Id.*  (internal citations omitted).  The word "dismissal" need not be recited by the district court's "due warning."  *See Williams*, 155 F.3d at 858.  In this case, Plaintiff received "due warning" in a formal show cause order.  Further, Defendant's motions to dismiss for want of prosecution, specifically requested dismissal pursuant to Federal Rule of Civil Procedure 41.  Finally, the Court finds that less severe sanctions are not warranted in light of Plaintiffs failure to participate in this cause of action since September 2005.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss for Lack of Prosecution [DE 17] and dismiss this matter with prejudice.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B).  Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have ten (10) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court.  The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th

Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

So ORDERED this 17th day of May, 2006.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

CC:   All Counsel of Record
      Plaintiff, *pro se*